IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SCOTT SEEFELDT,

    Petitioner,                    No. CIV S-08-2922 DAD P

    vs.

SOLANO COUNTY SHERIFF,

    Respondent.                ORDER

_____/

        Petitioner is an inmate at the Solano County Detention Center and is proceeding pro se. Petitioner has filed a petition for writ of habeas corpus with this court. However, it does not appear that he is challenging a conviction or disciplinary action. In fact, petitioner indicates that he is at the Detention Center awaiting sentencing. In his petition, he claims that he is suffering from a brain tumor but has not been scheduled for surgery. Because it appears that petitioner is challenging the adequacy of his medical care rather than attempting to collaterally attack a conviction, the court will dismiss the habeas petition and grant petitioner leave to file a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that the proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983).

/////

1

The court's records show that petitioner has filed another civil rights action in this court in which he is challenging the adequacy of the medical care he is receiving for his shoulder and lower back conditions.[1] Rather than proceeding with a second civil rights action, petitioner may request that this action be dismissed and, if appropriate, file an amended complaint in his other action pending before the court, CIV S-08-0928 RSL, to include his claim concerning the treatment of his brain tumor.[2]

Should petitioner decide to proceed with this action, he must pay the filing fee of $350.00 or file an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Petitioner will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

Petitioner is cautioned that the in forma pauperis application form includes a section that must be completed by a jail official, and the form must be accompanied by a certified copy of petitioner's inmate trust account statement for the six-month period immediately preceding the filing of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of service of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. The petition for a writ of habeas corpus, filed on December 2, 2008, is dismissed;

3. Petitioner is granted thirty days from the date of service of this order to file a civil rights complaint that complies with the requirements of the Civil Rights Act, the Federal

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

1 | Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket
2 | number assigned to this case;

3 |     4. Petitioner's failure to comply with this order will result in a recommendation
4 | that this action be dismissed without prejudice; and

5 |     5. The Clerk of the Court is directed to send petitioner an Application to Proceed
6 | In Forma Pauperis By a Prisoner for use in a civil rights action, and the court's form complaint
7 | for a § 1983 action.

8 | DATED: December 12, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
see2922.3amd

3